# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:20-CR-137 |
|---|---|---|
| v. | : | (Judge Conner) |
| ANTHONY EVANS, | : | |
| Defendant | : | |

## MEMORANDUM

Defendant Anthony Evans moves the court to suppress evidence seized from his person during his arrest and search incident to arrest. We will deny Evans' motion.

## I. Findings of Fact & Procedural History[1]

On July 12, 2019, Evans was arrested by then-Officer Daril Foose[2] of the Harrisburg Police Department. (See Def. Ex. 102 at 5). In her initial crime report accompanying Evans' arrest, Officer Foose stated that she "knew Evans to have a warrant for Possession with Intent to Deliver out of the Harrisburg City Police Department." (Id.) Thus, upon seeing Evans during her patrol, Officer Foose

---

[1] The following factual narrative derives from testimonial evidence adduced during the suppression hearing in this matter, together with exhibits submitted by the parties. Citations to the hearing exhibit are abbreviated as "Def. Ex." Citations to the April 23, 2021 suppression hearing transcript are abbreviated as "4/23/21 Hr'g Tr. __."

[2] Daril Foose is currently a Special Agent with the Drug Enforcement Administration's Harrisburg office. (See 4/23/21 Hr'g Tr. 3:6-8). At the time of Evans' arrest, Special Agent Foose was employed as a patrol officer in the Harrisburg Police Department. (See id. at 4:19-22). We therefore refer to Special Agent Foose as Officer Foose throughout this opinion, consistent with her role at the time of the relevant incident.

arrested him and performed a search incident to arrest. (Id.) She recovered a firearm, "8 bundles of suspected heroin . . . packaged inside blue wax baggies with blue rubber bands . . . inside of a clear plastic baggie," and two cell phones. (Id.)

Evans asserts that the warrant cited in Officer Foose's report had not been issued. (See Doc. 19 at 3-4). Officer Foose acknowledged at the suppression hearing that the warrant had not actually issued before Evans' arrest. Instead, a criminal complaint based upon Evans' prior drug activity—including a request for an arrest warrant—had been prepared and signed by Detective Jason Paul of the Harrisburg Police Department's Vice Unit. (See 4/23/21 Hr'g Tr. 5:7-14, 7:1-23, 8:21-9:8, 10:20-24; see also Doc. 19-3 at 2). Officer Foose clarified that her reference to an outstanding warrant in her report was a mistake, that she knew the complaint had not been filed, and that she should have written that the complaint had been prepared for filing. (4/23/21 Hr'g Tr. 10:20-24, 13:16-23). We find this testimony to be credible.

Additionally, Officer Foose received information directly from Detective Paul regarding the charges in the ready-to-be-filed criminal complaint. Officer Foose credibly testified that, on the day of Evans' arrest, she

> received a phone call from Detective Jason Paul, who is
> assigned to the Harrisburg vice unit. He informed me
> that had (sic) had a controlled delivery that Mr. Evans
> completed at an earlier date and that he had a signed
> complaint in his mailbox. If I was to see Mr. Evans I was
> to take him into the custody for the felony offense that he
> committed.

(Id. at 5:9-14; see also id. at 5:22-6:2). Officer Foose further testified that she knew, based on this conversation, that she had probable cause to arrest Evans because of

2

his prior drug-related conduct. (Id. at 7:1-4, 10:2-6, 13:16-19, 15:10-16). She was in fact asked by Detective Paul to execute his arrest. (Id. at 10:2-6, 15:10-16). This referral system—in which Officer Foose executed arrests on Detective Paul's behalf—was common practice between Officer Foose and Detective Paul. (Id. at 6:3-22). After Evans was taken into custody on July 12, 2019, Officer Foose submitted Detective Paul's criminal complaint relating to Evans' earlier controlled buy, as well as the state charges accompanying Evans' July 12, 2019 arrest. (Id. at 8:21-9:8).

On June 17, 2020, a grand jury returned an indictment charging Evans with firearm and drug crimes. Count 1 charges possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Count 2 charges possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). Evans filed a motion to suppress evidence obtained during his July 12, 2019 arrest and search incident to that arrest. We convened a suppression hearing on April 23, 2021. Evans' motion is fully briefed and is ripe for disposition.

## II. **Discussion**

The dispute in this case is whether Officer Foose had probable cause to arrest Evans. The Fourth Amendment ensures that people are "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, . . . and no Warrants shall issue, but upon probable cause." U.S. CONST. amend. IV. An arrest must usually be "effectuated with a warrant based on probable cause." United States v. Torres, 961 F.3d 618, 622 (3d Cir. 2020) (citation omitted). However,

3

officers can conduct a warrantless arrest in a public place if they have probable cause to believe the person committed a felony. See id. (citation omitted).

Probable cause is an amorphous concept. Ornelas v. United States, 517 U.S. 690, 695-96 (1996). It is "not readily, or even usefully, reduced to a neat set of legal rules." Id. (quoting Illinois v. Gates, 462 U.S. 213, 232 (1983)). Its existence must be determined from the view of the officer on the street, not the judge in the courtroom. United States v. Sokolow, 490 U.S. 1, 7-8 (1989); see also United States v. Cortez, 449 U.S. 411, 418 (1981). Whether probable cause exists is an objective determination based on the totality of the circumstances present at the time of the challenged governmental conduct. See United States v. Williams, 413 F.3d 347, 353 n.6 (3d Cir. 2005). Probable cause "is not a high bar." Kaley v. United States, 571 U.S. 320, 338 (2014).

Evans questions how Officer Foose could have had probable cause to arrest him, given that the warrant identified in her report was not active at the time of the arrest itself. (See Doc. 19 at 3-4). However, Officer Foose credibly testified at the suppression hearing that, before arresting Evans, Detective Paul informed her of Evans' prior involvement in a controlled drug transaction, *i.e.* felonious criminal conduct. See *supra* at 2-3. Detective Paul also advised Officer Foose that he had prepared and signed a corresponding criminal complaint that he had not yet filed. See id. These known facts taken together are sufficient to "warrant a person of reasonable caution to conclude that an offense has been . . . committed" by Evans. United States v. Laville, 480 F.3d 187, 194 (3d Cir. 2007) (citations omitted). Evans appears to acknowledge as much. Tellingly, he does not argue that the information

4

provided to Officer Foose regarding his prior drug conduct itself fails to establish an objectively reasonable basis for his arrest. Nor does he argue that Detective Paul is an unreliable source, or that the information-sharing system employed by Detective Paul and Officer Foose was somehow infirm.

We also note that "an arresting officer's state of mind (except for the facts that [she] knows) is irrelevant to the existence of probable cause." Devenpeck v. Alford, 543 U.S. 146, 153 (2004) (citing Whren v. United States, 517 U.S. 806, 812-13 (1996); Arkansas v. Sullivan, 532 U.S. 769 (2001) (*per curiam*)). It follows that "an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking." Williams v. City of York, 967 F.3d 252, 263 (3d Cir. 2020) (quoting District of Columbia v. Wesby, 583 U.S. ___, 138 S. Ct. 577, 584 n.2 (2018) (citations omitted)).

It is undisputed that Officer Foose mistakenly cited in her report a warrant that had not yet been issued. (See 4/23/21 Hr'g Tr. 13:11-23). This mistake alone, however, does not mandate suppression. As explained above, Officer Foose knew of the facts underlying Detective Paul's criminal complaint, and those facts supplied Officer Foose with the requisite probable cause to arrest Evans. The subjective reason for the arrest provided in Officer Foose's report (the supposedly outstanding warrant) does not negate otherwise valid probable cause. Thus, because Officer Foose had an independent basis to arrest Evans separate and apart from that cited in her report, Evans' arrest was lawful. See Devenpeck, 543 U.S. at 153; Williams, 967 F.3d at 263 (quoting Wesby, 138 S. Ct. at 584 n.2 (citations omitted)).

5

## III. Conclusion

We will deny Evans' motion (Doc. 18) to suppress. An appropriate order shall issue.

                                                /S/ Christopher C. Conner
                                                Christopher C. Conner
                                                United States District Judge
                                                Middle District of Pennsylvania

Dated:    June 7, 2021